UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 567 |
| vs. | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| DERREL MCDAVID | ) | |

## MOTION TO COMPEL DISCOVERY

COMES NOW Defendant Derrel McDavid, by and through his attorneys Beau B. Brindley and Vadim A. Glozman, and hereby moves this Honorable Court to compel discovery as outlined below:

On August 1, 2022, the government disclosed to Mr. McDavid copies of email correspondence between Assistant United States Attorney Angel Krull, the former lead prosecutor on this case,[1] and potential witness Jim DeRogatis that took place in April of 2019, before the indictment in this case. In these emails, Mr. DeRogatis provided Ms. Krull a copy of his then-unreleased book, *Soulless*, which was about Robert Kelly and many of the circumstances that will be at issue in this trial.

What was peculiar about this correspondence, however, is that Ms. Krull did not communicate with Mr. DeRogatis using her official government email account. Instead, it is apparent from the disclosed communications that Ms. Krull created a private Gmail account under a fictitious name to engage in surreptitious

---

[1] Ms. Krull ceased participating in this case in 2020, without filing a motion to withdraw. It is the understanding of the McDavid defense that she has transferred to an office in another state.

communication about the case with Mr. DeRogatis, a potential witness. It is also apparent from the disclosures that Ms. Krull, using the pseudonym Demetrius Slovenski, created the email account with the username piedpiper312 on April 16, 2019—the first day it began communicating with Mr. DeRogatis. In other words, on that day, AUSA Krull created an alias name for herself (Demetrius Slovenski) and a covert email account with which she corresponded with a potential witness.[2]

Moreover, the government also disclosed emails between Mr. DeRogatis and Ms. Krull ("Demetrius Slovenski"). In the April 16, 2019 exchange, before requesting a copy of his book, Ms. Krull references an earlier oral conversation with Mr. DeRogatis that occurred that same day. The defense has received no report detailing this conversation, no explanation of why no such report exists, and no indication that any law enforcement agents were present or involved in this conversation. Notably, the emails from Ms. Krull's pseudonymous email account were sent at 5:33 pm and 7:07 pm on that date, after regular business hours. There is no disclosed report explaining or documenting (1) the creation of an alias name and surreptitious email account by the lead prosecutor on this case on April 16, 2019; or (2) any authorization for a government attorney to secretly correspond with a witness through a private email account, to which an alias name was attached, without the participation of any law enforcement officer. In the absence of such documents and information, a question necessarily remains as to how many other email accounts may have been created by AUSA Krull to surreptitiously

---

[2] Copies of the referenced email correspondence will be provided to the Court under seal so as to ensure compliance with the protective order in this case.

communicate with potential witnesses in this case. It is imperative to note that AUSA Krull spoke to and was capable of interacting with and influencing every material witness against Derrel McDavid.

An additional email was disclosed from Mr. DeRogatis to the "Demetrius Slovenski" account that was sent two weeks later, on April 30, 2019. In it, Mr. DeRogatis asks if the book was any help to Ms. Krull and provides information about a conversation he had about the ongoing criminal investigation with "a prominent 'enabler' mentioned [in his book]" that may be intended as a reference to Mr. McDavid. What "help" AUSA Krull was seeking from Mr. DeRogatis through this pseudonymous email account remains unknown because there was apparently no report ever prepared regarding the conversation she had with him immediately before creating her alias name and the surreptitious email account with which she corresponded with him.

Mr. DeRogatis has always been known as a potential witness in this case. He was directly involved in making public the allegations against Mr. Kelly that eventually led to the 2002 prosecution that is at issue in the case before this Court. The circumstances of an Assistant United States Attorney taking steps to covertly communicate with him about an ongoing investigation are strikingly odd, to say the least.

Mr. DeRogatis's direct involvement in the 2002 Kelly investigation made him a material witness in this case at the time that a government attorney chose to adopt an alias and surreptitiously communicate with him. The fact that this

3

information was known to the government for years and only disclosed to the defense less than two weeks before the trial creates—at the very least—the appearance of impropriety, which needs to be investigated.

The government's August 1, 2022 disclosure of these communications makes it apparent that screenshots of the conversations from this burner email account were taken in July of 2020, more than a year after the conversations took place and more than two years before their disclosure to Mr. McDavid. Due to the extraordinary nature of these communications, Mr. McDavid asks the Court to compel additional discovery about the circumstances of the conversation, how it came to light and its disclosure. Accordingly, Mr. McDavid requests an order requiring the government to disclose:

1. Any and all reports of any conversation between the United States Attorneys Office for the Northern District of Illinois, or anyone working on its behalf, and Mr. Jim Derogatis concerning Robert Kelly or Derrel McDavid.

2. Any and all records of communications between the United States Attorneys Office for the Northern District of Illinois, or anyone working on its behalf, and Mr. Jim Derogatis concerning Robert Kelly or Derrel McDavid, including but not limited to phone calls made from office phones and cell phones, text messages, and any social media contacts.

3. Any and all communications between any prosecution team member with any potential witness, in this case, using a personal email address rather than an official government email address.

4. Any and all records of communications between any member of the prosecution team with any potential witness in this case not memorialized in an official government report.

5. An explanation of who, other than Ms. Krull, was aware of the pseudonymous email communication with Mr. Derogatis in April of 2019 and whether US Attorney's Office supervisors approved that communication.

6. An explanation of why screenshots of the communications and the pseudonymous email account were taken in July of 2020 and not disclosed to anyone at that time.

7. A description of who was involved in the decision to disclose these communications and screenshots to the defense in August of 2022.

8. Any and all of the DOJ or AUSA's policies and procedures governing the retention of account data, including, but not limited to, messages sent, received, and deleted, as well as the access logs for this pseudonymous account and any other personal account used to communicate with potential witnesses.

The above items are necessary to ensure that Mr. McDavid has adequate discovery in this case concerning potential improper influence on witnesses against him and to ensure that he has adequate information to intelligently determine whether any other motions may be necessary as a result of this unorthodox communication and disclosure.

WHEREFORE, Defendant Derrel McDavid moves this Court to order disclosure of the items detailed above.

Respectfully submitted,

/s/ Beau B. Brindley
*An Attorney for Derrel McDavid*

/s/ Vadim A. Glozman
*An Attorney for Derrel McDavid*

Beau B. Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 765-8878

Vadim A. Glozman
LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
(312) 726-9015