UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 19 CR 567 |
| vs. | ) | |
| | ) | Hon. Harry D. Leinenweber |
| | ) | |
| DERREL MCDAVID | ) | |

**REPLY IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OR,
IN THE ALTERNATIVE, EXCLUDE VIDEO 1**

COMES NOW Defendant Derrel McDavid, by and through his attorneys Beau B. Brindley and Vadim A. Glozman, and hereby submits the following reply to support his motion to compel disclosure or alternatively exclude Video 1 (Dkt. 258):

**Introduction**

The government's response confirms Mr. McDavid's basis for requesting additional discovery related to Video 1: that they have no idea what video was shown to the witnesses at the 2002 Cook County Grand Jury or the 2008 Cook County Trial—the heart of the conspiracy alleged in Count 5. Dkt. 269, pg. 2-3. They admit it is impossible to tell what video those witnesses were actually shown at those relevant times. *Id.* at pg. 3. The government even admits that they received multiple versions of Video 1 and that some of them are altered and manipulated. *Id.* at 2. HSI agents made digitized versions of some of those copies, but did not explain what versions the agents chose or why those particular versions of the video were chosen. *Id.* at pg. 2-3.

Glaringly absent from their response is an explanation about who altered the videos, who provided the alterned versions to them, or how the altered versions differ from the authentic version of Video 1 shown in the prior State proceedings. *Id*. Instead, as has been the case as of late, the government shifts the blame. This time to the Cook County State's Attorney's Office, claiming that it was their fault for providing them with the videos without labels or exhibit stickers, so there is nothing the government can now do to identify the original version. In short, the government claims it is not their fault, not their problem, and not their burden to explain. Not only is such a position contrary to burden the government assumes in proving their case against Mr. McDavid, it is contrary to established law.

Despite the government's assertion, the original version of Video 1 shown in the prior State proceedings is essential to the alleged obstruction conspiracy and the only video that matters to the obstruction charge. Count 5 alleges a conspiracy to create false documents or records in violation of 18 U.S.C. § 1519, and that five false documents or records were created. Dkt. 93, pg. 10-11. But the *only* video that allegedly led to the false documents was the original version of Video 1, which was shown to the 2002 grand jury witnesses. *Id*. For instance, the Superseding Indictment alleges that Minor 1, Minor 1's Father, and Minor 5 falsely told the grand jury that Minor 1 was not depicted on the *specific* version of Video 1 they were shown. *Id*. Thus, Video 1 is the only recording relevant to the actual § 1519 obstruction charge, and the *content* of that original version is essential. For example, it does not matter if, as the government anticipates, Minor 1 identifies

herself on a different version of Video 1 that was not shown in the prior proceedings. It only matters that the 2002 grand jury witnesses could identify Minor 1 in the version they were shown, yet falsely claimed it was not her. That is because the essence of Count 5 – conspiracy to obstruct justice – is not whether Minor 1 engaged in sexual acts with Kelly on a video, but how Video 1, the specific version of it at issue in the 2002 grand jury and 2008 trial, caused Mr. McDavid to act.

This Court must compel the government to disclose information that identifies the true and authentic version of Video 1 shown to the witnesses in the 2002 grand jury and the 2008 trial. At its root, the contents of Video 1 are the heart of Count 5. If the government cannot prove that Video 1 is indeed the recording shown to grand jury witnesses in 2002, any version of Video 1 must be excluded from trial because the government cannot establish a sufficient chain of custody or authenticity. This Court cannot let the old "rotten tomato" spoil this trial.

## Insufficient Chain of Custody and Authentication

The government must establish a sufficient chain of custody because the original version of Video 1 is directly connected to the crime Count 5 alleges. *See*, Dkt. 269, pg. 6. The false records were allegedly created in response to the *specific* version of Video 1 the witnesses were shown at the 2002 grand jury. *United States v. Boyajian*, 2012 WL 4094997 (C.D. Cal. 2012) ("If the evidence is an object connected with the commission of a crime, the government must also establish a chain of custody, which is sufficient proof that a reasonable juror could find that the

3

item is in 'substantially the same' condition was when it was seized."). To be clear, the government misinterprets the chain of custody and authentication law, particularly as it applies to Count 5 – they claim there is no chain of custody issue but rather an authentication one. Dkt. 269, pg. 1. Yet, here, the issues are the same: Video 1 must be "a true, accurate and authentic" version of that was shown in the prior proceedings, and establishing "a chain of custody showing that the tapes are in the same condition" is one way to establish authenticity. *United States v. Thomas*, 294 F.3d 899, 904 (7th Cir. 2002). The government's distinction does not exist. But, even if it did, the government must establish a chain of custody because Video 1 is directly involved in the commission of the alleged offense in Count 5, and the only way that Video 1 can relate to Count 5 is if it was the specific version that was shown to the witnesses at the 2002 grand jury and 2008 trial, about which they agreed to make certain purportedly false statements.

It is not relevant to Count 5 if Minor 1 says that some version of Video 1 that was not the specific one available in 2002 and 2008 contains images of her and R. Kelly having sex. It is only relevant to Count 5 if Video 1 is indeed the recording that was impacting Mr. McDavid, Minor 1, and other witnesses to make certain statements to a grand jury. The government presently has not disclosed sufficient foundational evidence to prove that the Video 1 they wish to admit was even existent at the time of the 2002 grand jury when purportedly false statements were made. Thus, they cannot prove that the Video 1 they wish to admit is relevant to the charge they chose to bring in Count 5.

For this same reason, this Court must reject the government's attempts to skirt its burden of establishing chain of custody by claiming it only matters that Video 1 contains "child pornography." Dkt. 269, pg. 4-6. At its core, the government argues that the specific content of Video 1 does not matter, just that whatever version of Video 1 they show allegedly depicts general "footage" of Minor 1 engaging in sexual contact with Kelly. *Id*. But this is wrong. Count 5 does not allege a conspiracy to produce or possess child pornography. Instead, it alleges that false records were created in response to the *specific* version of Video 1 that was shown to defendants and witnesses back in 2002 and 2008. Thus, it does not matter that child pornography laws cover a wide range of "visual depictions." *Id*. at 5 n. 4. What matters is whether the witnesses falsely created records based on the video they were shown at that time. That is how the government charged Count 5 and they cannot change it now.

The crux of Kelly's defense in the 2002 Cook County case is that the video tape in question was a fake—i.e. that it was manipulated, altered, and otherwise unauthentic. Kelly's attorneys believed this, investigators were hired to invstigate this, and experts were hired to confirm this. Because that specifc video they were looking at in 2002 was deemed to be fake based on its specific character and content, decisions were made on how to proceed with the case. This includes decisions made by Mr. McDavid. That is why only the recording that was actually possessed in 2002 and shown to witnesses at that time is critical for Count 5. No other video could have impacted Mr. McDavid and other witnesses to agree to make

5

false records as Count 5 alleged. Any other video, whether completely different or simply altered in some other way – and apparently there are several altered versions – is irrelevant to Mr. McDavid's case as he is charged in Count 5 with a §1519 conspiracy related to purportedly false statements made to the 2002 grand jury. Any version of Video 1 not available to the 2002 grand jury witnesses is not relevant to Count 5 and, therefore, not relevant to the case against Mr McDavid.

Surely Minor 1 is going to testify at trial that she had sex with Kelly on tape and that the tape she is shown by the government depicts her and Kelly. Her mother will likely do the same. But this falls woefully short of establishing that the version she is being shown is the version that could have caused Mr. McDavid to act and purportedly make agreements with people to lie to a grand jury in 2002 and thereby make a false records as charged in Count 5. The government's argument otherwise, that it only matters that the video is of child pornography, misses the forest for the trees.

In this manner, unless the government can establish a proper chain of custody and produce discovery that does so, this Court must exclude Video 1 from the trial of Mr. McDavid.[1] As the government concedes, it cannot identify or authenticate which version of Video 1 was the version shown in the prior proceedings. Dkt. 269, pg. 2-3. The government cannot establish authenticity

---

[1] The government also takes issue with the timeliness of Mr. McDavid's Motion to Compel Disclosure or Alternatively Exclude Video 1. Dkt. 269, pg. 1 n.1. However, Mr. McDavid did not learn of the government's inability to authenticate the original version of Video 1 until last week. At any rate, without establishing authenticity under Fed. R. Evid. 901, Video 1 is inadmissible at trial, regardless if it was addressed in a Motion *in Limine* or with a contemporaneous objection at trial.

6

through Minor 1 or her mother. It is immaterial if they now identify Minor 1 in whatever version is shown at trial; what matters is what version of the video was shown in 2002, which could have possibly motivated the actions of Mr. McDavid and the other witnesses who are purportedly conspiring, based on the video they saw *at that time*, to make false statements to a grand jury. *See Griffin v. Bell*, 694 F.3d 817, 826-27 (7th Cir. 2012) (finding that the proponent of the video, who would identify himself in the video, could not establish the video itself was authentic).

Nor can the government establish the foundation for how the video was made, who made it, and what has happened to the video in the two decades since it was allegedly viewed. *Id.* (finding the proponent could not establish authenticity because he could not "verify if the video had been altered at any time;" the video had no time or date stamp, and "he could not say how the video was made, or whether it had ever been altered."); *United States v. Cejas*, 761 F.3d 717, 723 (7th Cir. 2014) (stating to establish video authenticity under Rule 901, "the proponent should also show that the camera functioned properly, [and] the operator was competent in operating the equipment[.]").

Whatever version of Video 1 the government handpicks to show at trial from the several unmarked versions they obtained from the Cook County State's Attorney's Office is completely irrelevant to Count 5 – the only Count Mr. McDavid faces regarding Video 1. The government admits they have no idea what version of the video they are showing. They do not it was the "rotten tomato" that infected the 2008 Kelly trial or a completely new "rotten tomato" ready to spoil yet another

7

prosecution where Mr. McDavid's due process, and more importantly, liberty is on the line.

Such disregard and carelessness by the government must have consequences. They cannot ignore the need to establish a chain of custody when only one specific version of Video 1 is at issue in Count 5. They cannot ignore the need to authenticatethe video they have as that specific video. They cannot be allowed to show a video at trial, claiming it was the one shown to witnesses in prior proceedings without knowing if what they are offering is actually what they claim it to be, especially when the contents, quality, and manipulation of the video were central to the charges. The government must produce the requested discovery to establish that this is an authentic version of the Video 1 that was shown at the 2002 Cook County grand jury. Otherwise, the video they intend to introduce into evidence at trial must be excluded. There are no other fair or just solutions.

WHEREFORE, Defendant Derrel McDavid respectfully moves this Court to order disclosure of the items detailed above, or alternatively, exclude Video 1 completely.

Respectfully submitted,

/s/ Beau B. Brindley
*An Attorney for Derrel McDavid*

/s/ Vadim A. Glozman
*An Attorney for Derrel McDavid*

Beau B. Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604

(312) 765-8878

Vadim A. Glozman
Matthew P. Kralovec
Law Offices of Vadim A. Glozman
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
(312) 726-9015